MAGISTRATE JUDGE
BROWN

**04 - 61424 CIV-JORDAN**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

WESTWOOD COMMUNITY TWO                    Case No. 97-22293-BKC-PGH
ASSOCIATION, INC.,                        Chapter 7

        Debtor.
_____/

### NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that DZIKOWSKI & WALSH, hereby appeals to the United States District Court for the Southern District of Florida from an Order Granting in Part Bankruptcy Trustee's Motion for (1) Disgorgement of all Monies Received by Peter Martin, John Lewis and Mark and Linda Menzano, and for a Full Accounting of all Monies Received From the Bankruptcy Trustee During This Chapter 7 Case; and (2) Disgorgement of all Monies Received by John L. Walsh, Esq., and Dzikowski & Walsh, P.A. as Statutory Fees and Costs to the Extent Same Derived From the Underlying Special Assessment, and a Full Accounting of All Such Fees and Costs Received From the Bankruptcy Trustee dated February 23, 2004 and the Order Denying Motion for Reconsideration of Disgorgement Order dated April 2, 2004, copies of which are attached hereto as Exhibits A and B, respectively.

The parties to the Orders appealed from and the names of the respective attorneys are set forth as follows:

                John L. Walsh, Esq.
                Dzikowski & Walsh
                1601 Sawgrass Corporate Parkway
                Suite 120
                Fort Lauderdale, Florida 33323

2004 APR 12 PM 3:27



John P. Barbee, Trustee
333 17th Street
Suite K
Vero Beach, Florida 32960

Harold D. Moorefield, Jr., Esq.
Stearns Weaver
150 West Flagler Street
Suite 2200
Miami, Florida 33130-1536

Paul A. Avron, Esq.
Berger Singerman
Attorneys for Trustee
200 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131

United States Trustee
1204 Federal Building
51 Southwest First Avenue
Miami, Florida 33130


    I HEREBY CERTIFY that a correct copy of the foregoing was
furnished by first class U.S. Mail, postage prepaid, to all parties on
the annexed list this _____ day of April, 2004.  I hereby certify that
I am admitted to the Bar of the United States District Court for the
Southern District of Florida and I am in compliance with the additional
qualification to practice in this Court set forth in Local Rule 2090-
1(A).


                        DZIKOWSKI & WALSH
                        1601 Sawgrass Corporate Parkway
                        Suite 120
                        Fort Lauderdale, Florida 33323
                        954-835-0770


                   by _____
                        JOHN L. WALSH
                        FL Bar No. 039586

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

WESTWOOD COMMUNITY TWO
ASSOCIATION, INC.,

Case No. 97-22293-BKC-PGH
Chapter 7

      Debtor.

_____/

### ORDER GRANTING IN PART BANKRUPTCY TRUSTEE'S MOTION FOR (1) DISGORGEMENT OF ALL MONIES RECEIVED BY PETER MARTIN, JOHN LEWIS AND MARK AND LINDA MENZANO, AND FOR A FULL ACCOUNTING OF ALL MONIES RECEIVED FROM THE BANKRUPTCY TRUSTEE DURING THIS CHAPTER 7 CASE; AND (2) DISGORGEMENT OF ALL MONIES RECEIVED BY JOHN L. WALSH, ESQ. AND DZIKOWSKI & WALSH, P.A. AS STATUTORY FEES AND COSTS TO THE EXTENT SAME DERIVED FROM THE UNDERLYING SPECIAL ASSESSMENT, AND A FULL ACCOUNTING OF ALL SUCH FEES AND COSTS RECEIVED FROM THE BANKRUPTCY TRUSTEE

**THE MATTER** came before the Court for hearing on February 17, 2004 at 10:30 a.m. in Fort Lauderdale, Florida on that part of Trustee John P. Barbee's ("Trustee") *Motion for (1) Disgorgement of All Monies Received by Peter Martin, John Lewis and Mark and Linda Menzano, and for a Full Accounting of All Monies Received from the Bankruptcy Trustee During This Chapter 7 Case; and (2) Disgorgement of All Monies Received by John L. Walsh, Esq. And Dzikowski & Walsh as Statutory Fees and Costs to the Extent Same Derived from the Underlying Special Assessment, and a Full Accounting of All Such Fees and Costs Received from the Bankruptcy Trustee* ("Disgorgement Motion") [C.P.#507] directed at the Trustee's former counsel, John L. Walsh, Esq. and the law firm of Dzikowski & Walsh (collectively, "DW") (the Trustee and DW shall be collectively referred to herein as the "Parties");[1] DW's *Response in Opposition to Bankruptcy*

---

[1] By Order dated September 5, 2003 [C.P.#518] this Court granted the Disgorgement Motion as to three creditor-claimants. By agreement of the Parties, that part of the Disgorgement Motion directed at DW was abated so that the Parties could try and resolve the matter outside of Court. The Trustee re-set the Disgorgement Motion as to DW after the Parties failed to resolve the matter outside of Court.



*Trustee's Motion for Disgorgement of All Monies Received by John L. Walsh, Esquire and Dzikowski*
*& Walsh, P.A.* ("DW Response") [C.P. # 517]; and *Final Application for Compensation by Attorney*
*for Trustee* ("DW Fee App"). [C.P. #521]

The Court finds that appropriate notice of the hearing on the Disgorgement Motion was given to DW. The Court reviewed the Disgorgement Motion, the DW Response and the DW Fee App, and considered the arguments presented by the Trustee and the DW Firm. The Court incorporates herein the oral findings of fact and conclusions of law set forth on the record at the February 17, 2004 hearing in its entirety including, but not limited to, the Court's legal conclusion that the DW Fee App would be denied in its entirety because, based upon the District Court's November 25, 2002 *Order Reversing Decisions of* Bankruptcy *Court*, the DW Firm could not show that the services rendered and costs incurred in its prior representation of the Trustee met the standards set forth in 11 U.S.C. § 330(a). Accordingly, it is **ORDERED and ADJUDGED:**

1.      The DW Fee App is **DENIED.**

2.      The Disgorgement Motion is **GRANTED.**

3.      Within ten (10) days from the date of this Order DW shall disgorge, that is, pay to the Trustee, in immediately available funds, to the attention of his counsel, Paul A. Avron, Esq., Berger Singerman, P.A., 200 S. Biscayne Blvd., Suite 1000, Miami, FL 33131, the sum of $134,305.63, which represents one hundred percent (100%) of the fees and costs actually paid to DW in the form of interim fees and costs during the course of its prior representation of the Trustee.

4.      Failure of DW to disgorge and deliver to the Trustee the monies set forth in paragraph 3 of this Order by the deadlines set forth therein shall render this Order a Final Judgment in favor of the Trustee and against DW in the amount ordered to be disgorged for which let execution issue.

ORDERED in the Southern District of Florida on _Nebruary 23, 2004_

## PAUL G. HYMAN

-------------------------------------

PAUL G. HYMAN, JR., JUDGE
U.S. BANKRUPTCY COURT

cc: Paul A. Avron, Esq.
*(Attorney Avron is directed to immediately serve a copy of this Order upon receipt to all interested parties.)*

98184-1                          3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                      CASE NO. 97-22293-BKC-PGH
                                            CHAPTER 7

WESTWOOD COMMUNITY TWO
ASSOCIATION, INC.,

                    Debtor.

_____/

### ORDER DENYING MOTION FOR
### RECONSIDERATION OF DISGORGEMENT ORDER

**THE MATTER** came before the Court in Ft. Lauderdale, Florida on March 29, 2004 at

9:30 a.m. on the *Motion for Reconsideration of Disgorgement Order* (the "Motion"), C.P. No.

554, filed by respondent Dzikowski & Walsh ("DZ"). The Court having reviewed the Motion,

Trustee John P. Barbee's *Trustee's Response in Opposition to Motion for Reconsideration of*

*Disgorgement Order*, C.P. No. 560, the Court file, heard argument of counsel and being

otherwise duly advised in the premises, finds that the Motion ~~is well taken and~~ should be

denied. Accordingly, the Court **ORDERS**:

1.      The Motion is **DENIED**.

2.      This Court is bound by the District Court's November 25, 2002 *Order Reversing*

*Decisions of Bankruptcy Court* ("Order on Remand") and reads that Order on Remand as holding

that the Trustee lacked authority to impose the underlying special assessment in the first

instance. Based upon the District Court's holding, the Court finds that the services rendered by

DZ were neither "necessary" nor "beneficial" as contemplated by 11 U.S.C. § 330(a)(3)(C).

3.      Therefore, the Court reaffirms its February 25, 2004 *Order Granting in Part*

*Motion For (1) Disgorgement of All Monies Received by Peter Martin, John Lewis and Mark*

*and Linda Menzano, and For a Full Accounting of All Monies Received From the Bankruptcy*


EXHIBIT B

87656-2

*Trustee During This Chapter 7 Case; and (2) Disgorgement of All Monies Received By John L*

*Walsh, Esq. and Dzikowski & Walsh, PA as Statutory Fees and Costs to the Extent Same Derived*

*From the Underlying Special Assessment, and a Full Accounting of All Such Fees and Costs*

*Received From the Bankruptcy Trustee by John P Barbee*, C.P. No. 551, as it applies to DZ.

**ORDERED** in the Southern District of Florida on _____ APR - 2 2004

## PAUL G. HYMAN

HON. PAUL G. HYMAN, JUDGE
UNITED STATES BANKRUPTCY COURT

Copies to:
Paul A. Avron, Esq.
*(Attorney Avron is directed to mail a copy of this order to all interested parties immediately upon receipt.)*

87656-2                            2

United States Trustee
1204 Federal Building
51 Southwest First Avenue
Miami, Florida 33130

John P. Barbee, Trustee
333 17th Street
Suite K
Vero Beach, Florida 32960

Paul A. Avron, Esq.
Berger Singerman
Attorneys for Trustee
200 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131

Harold D. Moorefield, Jr., Esq.
Stearns Weaver
150 West Flagler Street
Suite 2200
Miami, Florida 33130-1536

04 - 61       CIV-JORDAN

## United States Bankruptcy Court
### Southern District of Florida
### www.flsb.uscourts.gov

In re: WESTWOOD COMMUNITY TWO
ASSOCIATION, INC.

Case No. 97-22293 -BKC- PGH

Chapter 7

_____ Debtor _____/

**MAGISTRATE JUDGE**
BROWN

Plaintiff,

vs.

Adversary Proceeding No.

_____ Defendant. _____/

### Clerk's Certificate of Mailing of Notice of Appeal

To:   Office of the U.S. trustee
Room 1204
Claude Pepper Federal Bldg.
51 S.W. 1st Avenue
Miami, FL 33130

John L Walsh
1601 Sawgrass Corporate Parkway #120
Fort Lauderdale, FL 33323

John P. Barbee
333 17 St Ste K
Vero Beach, FL  32960

Harold D. Moorefield, Jr
150 W Flagler St #2200
Miami, FL  33130

Paul A Avron
200 S Biscayne Blvd #1000
Miami, FL  33131

I hereby certify, that pursuant to Bankruptcy Rule 8004, a copy of the attached Notice of Appeal

filed on April 12, 2004 __, was mailed on _____ April 13, 2004 _____, to the above named parties.

**Karen Eddy, Clerk of Court**

Dated: April 13, 2004 ____ Deputy Clerk: H S Montvaierd _____ Telephone:  (954) 769-5700 _____

Enclosures:   Clerk's Instructions on Appeals

CF-A1 (rev. 12/01/02)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

WESTWOOD COMMUNITY TWO                    Case No. 97-22293-BKC-PGH
ASSOCIATION, INC.,                        Chapter 7

        Debtor.

_____/

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that DZIKOWSKI & WALSH, hereby appeals to the United States District Court for the Southern District of Florida from an Order Granting in Part Bankruptcy Trustee's Motion for (1) Disgorgement of all Monies Received by Peter Martin, John Lewis and Mark and Linda Menzano, and for a Full Accounting of all Monies Received From the Bankruptcy Trustee During This Chapter 7 Case; and (2) Disgorgement of all Monies Received by John L. Walsh, Esq., and Dzikowski & Walsh, P.A. as Statutory Fees and Costs to the Extent Same Derived From the Underlying Special Assessment, and a Full Accounting of All Such Fees and Costs Received From the Bankruptcy Trustee dated February 23, 2004 and the Order Denying Motion for Reconsideration of Disgorgement Order dated April 2, 2004, copies of which are attached hereto as Exhibits A and B, respectively.

The parties to the Orders appealed from and the names of the respective attorneys are set forth as follows:

        John L. Walsh, Esq.
        Dzikowski & Walsh
        1601 Sawgrass Corporate Parkway
        Suite 120
        Fort Lauderdale, Florida 33323

John P. Barbee, Trustee
333 17th Street
Suite K
Vero Beach, Florida 32960

Harold D. Moorefield, Jr., Esq.
Stearns Weaver
150 West Flagler Street
Suite 2200
Miami, Florida 33130-1536

Paul A. Avron, Esq.
Berger Singerman
Attorneys for Trustee
200 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131

United States Trustee
1204 Federal Building
51 Southwest First Avenue
Miami, Florida 33130

    I HEREBY CERTIFY that a correct copy of the foregoing was furnished by first class U.S. Mail, postage prepaid, to all parties on the annexed list this ___ day of April, 2004. I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this Court set forth in Local Rule 2090-1(A).

DZIKOWSKI & WALSH
1601 Sawgrass Corporate Parkway
Suite 120
Fort Lauderdale, Florida 33323
954-835-0770

by_____
JOHN L. WALSH
FL Bar No. 039586

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

WESTWOOD COMMUNITY TWO
ASSOCIATION, INC.,

Debtor.

Case No. 97-22293-BKC-PGH
Chapter 7

_____/

## ORDER GRANTING IN PART BANKRUPTCY TRUSTEE'S MOTION FOR (1) DISGORGEMENT OF ALL MONIES RECEIVED BY PETER MARTIN, JOHN LEWIS AND MARK AND LINDA MENZANO, AND FOR A FULL ACCOUNTING OF ALL MONIES RECEIVED FROM THE BANKRUPTCY TRUSTEE DURING THIS CHAPTER 7 CASE; AND (2) DISGORGEMENT OF ALL MONIES RECEIVED BY JOHN L. WALSH, ESQ. AND DZIKOWSKI & WALSH, P.A. AS STATUTORY FEES AND COSTS TO THE EXTENT SAME DERIVED FROM THE UNDERLYING SPECIAL ASSESSMENT, AND A FULL ACCOUNTING OF ALL SUCH FEES AND COSTS RECEIVED FROM THE BANKRUPTCY TRUSTEE

THE MATTER came before the Court for hearing on February 17, 2004 at 10:30 a.m. in Fort Lauderdale, Florida on that part of Trustee John P. Barbee's ("Trustee") *Motion for (1) Disgorgement of All Monies Received by Peter Martin, John Lewis and Mark and Linda Menzano, and for a Full Accounting of All Monies Received from the Bankruptcy Trustee During This Chapter 7 Case; and (2) Disgorgement of All Monies Received by John L. Walsh, Esq. And Dzikowski & Walsh as Statutory Fees and Costs to the Extent Same Derived from the Underlying Special Assessment, and a Full Accounting of All Such Fees and Costs Received from the Bankruptcy Trustee* ("Disgorgement Motion") [C.P.#507] directed at the Trustee's former counsel, John L. Walsh, Esq. and the law firm of Dzikowski & Walsh (collectively, "DW") (the Trustee and DW shall be collectively referred to herein as the "Parties");[1] DW's *Response in Opposition to Bankruptcy*

_____

[1] By Order dated September 5, 2003 [C.P.#518] this Court granted the Disgorgement Motion as to three creditor-claimants. By agreement of the Parties, that part of the Disgorgement Motion directed at DW was abated so that the Parties could try and resolve the matter outside of Court. The Trustee re-set the Disgorgement Motion as to DW after the Parties failed to resolve the matter outside of Court.


EXHIBIT A

*Trustee's Motion for Disgorgement of All Monies Received by John L. Walsh, Esquire and Dzikowski & Walsh, P.A.* ("DW Response") [C.P. # 517]; and *Final Application for Compensation by Attorney for Trustee* ("DW Fee App"). [C.P. #521]

The Court finds that appropriate notice of the hearing on the Disgorgement Motion was given to DW. The Court reviewed the Disgorgement Motion, the DW Response and the DW Fee App, and considered the arguments presented by the Trustee and the DW Firm. The Court incorporates herein the oral findings of fact and conclusions of law set forth on the record at the February 17, 2004 hearing in its entirety including, but not limited to, the Court's legal conclusion that the DW Fee App would be denied in its entirety because, based upon the District Court's November 25, 2002 *Order Reversing Decisions of Bankruptcy Court*, the DW Firm could not show that the services rendered and costs incurred in its prior representation of the Trustee met the standards set forth in 11 U.S.C. § 330(a). Accordingly, it is **ORDERED and ADJUDGED:**

1. The DW Fee App is **DENIED.**

2. The Disgorgement Motion is **GRANTED.**

3. Within ten (10) days from the date of this Order DW shall disgorge, that is, pay to the Trustee, in immediately available funds, to the attention of his counsel, Paul A. Avron, Esq., Berger Singerman, P.A., 200 S. Biscayne Blvd., Suite 1000, Miami, FL 33131, the sum of $134,305.63, which represents one hundred percent (100%) of the fees and costs actually paid to DW in the form of interim fees and costs during the course of its prior representation of the Trustee.

4.      Failure of DW to disgorge and deliver to the Trustee the monies set forth in paragraph

3 of this Order by the deadlines set forth therein shall render this Order a Final Judgment in favor of

the Trustee and against DW in the amount ordered to be disgorged for which let execution issue.

**ORDERED** in the Southern District of Florida on _February 20, 2004_

## PAUL G. HYMAN

PAUL G. HYMAN, JR., JUDGE
U.S. BANKRUPTCY COURT

cc: Paul A. Avron, Esq.
*(Attorney Avron is directed to immediately serve a copy of this Order upon receipt to all interested parties.)*

98184-1                                    3

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                     CASE NO. 97-22293-BKC-PGH
                                           CHAPTER 7
WESTWOOD COMMUNITY TWO
ASSOCIATION, INC.,

            Debtor.

_____/

### ORDER DENYING MOTION FOR
### RECONSIDERATION OF DISGORGEMENT ORDER

THE MATTER came before the Court in Ft. Lauderdale, Florida on March 29, 2004 at

9:30 a.m. on the *Motion for Reconsideration of Disgorgement Order* (the "Motion"), C.P. No.

554, filed by respondent Dzikowski & Walsh ("DZ"). The Court having reviewed the Motion,

Trustee John P. Barbee's *Trustee's Response in Opposition to Motion for Reconsideration of*

*Disgorgement Order*, C.P. No. 560, the Court file, heard argument of counsel and being

otherwise duly advised in the premises, finds that the Motion is ~~not well taken and~~ should be

denied. Accordingly, the Court **ORDERS**:

    1.     The Motion is **DENIED**.

    2.     This Court is bound by the District Court's November 25, 2002 *Order Reversing*

*Decisions of Bankruptcy Court* ("Order on Remand") and reads that Order on Remand as holding

that the Trustee lacked authority to impose the underlying special assessment in the first

instance. Based upon the District Court's holding, the Court finds that the services rendered by

DZ were neither "necessary" nor "beneficial" as contemplated by 11 U.S.C. § 330(a)(3)(C).

    3.     Therefore, the Court reaffirms its February 25, 2004 *Order Granting in Part*

*Motion For (1) Disgorgement of All Monies Received by Peter Martin, John Lewis and Mark*

*and Linda Menzano, and For a Full Accounting of All Monies Received From the Bankruptcy*



*Trustee During This Chapter 7 Case; and (2) Disgorgement of All Monies Received By John L*

*Walsh, Esq. and Dzikowski & Walsh, PA as Statutory Fees and Costs to the Extent Same Derived*

*From the Underlying Special Assessment, and a Full Accounting of All Such Fees and Costs*

*Received From the Bankruptcy Trustee by John P Barbee*, C.P. No. 551, as it applies to DZ.

      **ORDERED** in the Southern District of Florida on _____ APR - 2 2004

## PAUL G. HYMAN

                                 _____
                                 HON. PAUL G. HYMAN, JUDGE
                                 UNITED STATES BANKRUPTCY COURT

Copies to:
Paul A. Avron, Esq.
*(Attorney Avron is directed to mail a copy of this order to all interested parties immediately upon receipt.)*

87656-2                                2

United States Trustee
1204 Federal Building
51 Southwest First Avenue
Miami, Florida 33130

John P. Barbee, Trustee
333 17th Street
Suite K
Vero Beach, Florida 32960

Paul A. Avron, Esq.
Berger Singerman
Attorneys for Trustee
200 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131

Harold D. Moorefield, Jr., Esq.
Stearns Weaver
150 West Flagler Street
Suite 2200
Miami, Florida 33130-1536

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov**

## CLERK'S INSTRUCTIONS FOR APPEALS

**1.** Within 10 days after filing the notice of appeal or entry of an order disposing of the last timely motion of a type specified in Bankruptcy Rule 8002(b) (whichever is later), or entry of an order by the District Court granting leave to appeal, the appellant shall file with the clerk of the bankruptcy court a designation of the items to be included in the record on appeal and a statement of issues to be presented (Bankruptcy Rule 8006). **Failure to timely file this designation may result in dismissal of the appeal pursuant to this court's Local Rule 8006-1(A) and Local Rule 87.4(B), United States District Court, Southern District of Florida.** The designation shall include the title and court paper number of each paper designated.

**2.** Within 10 days after the service of the designation and the statement of issues of the appellant the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal, and if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of issues to be presented on the cross appeal, and a designation of additional items to be included in the record. The appellee's designation shall include the title and court paper number of each additional item designated.

**3.** Each party shall supply the court with copies of every item designated, including transcripts, within 15 days of the time the designation is filed with the clerk [see Bankruptcy Rule 8006 and Local Rule 8006-1(B)]. Copies shall be made from the original court documents so that they will bear file dates, court paper numbers, and signatures. Copies may be ordered from the copy service licensed by the court. Copies can also be ordered from the clerk's office at a cost of $.50 per page. Payment is required in advance. **Failure to furnish copies of the designated record within 15 days from the filing of your designation may result in dismissal of your appeal pursuant to Local Rule 8006-1(B) and Local Rule 87.4 (B), United States District Court, Southern District of Florida.**

**4.** If any transcripts of untranscribed proceedings are designated by a party, that party shall immediately, upon the filing of the designation, order the transcript(s) from the court reporter and make satisfactory arrangements for payment of its costs. All transcript orders must be made on the local form "Appeal Information Sheet" enclosed for this purpose, and a copy filed with the clerk (Bankruptcy Rule 8006). On receipt of a request for a transcript, the reporter shall complete the Reporter's Acknowledgment and file a copy with the clerk (Bankruptcy Rule 8007).

### Motions For Leave To Appeal (Bankruptcy Rule 8003)

The clerk will transmit the motion, notice of appeal and any answer to the clerk of the district court as soon as all parties have filed answers or the time for filing an answer has expired. The designation, statement of the issues and copies of the items designated should not be filed with the clerk of the bankruptcy court as required under Bankruptcy Rule 8006, until entry of an order by the district court granting leave to appeal (Local Rule 8003-1(B)).

## *The following U.S. Bankruptcy Court, SDFL Local Rules pertaining to appeals have been reproduced to assist you in preparing your appeal.*

**Rule 8001-1.  Notice of Appeal.**

**(A)      Required Content and Fee.** *A notice of appeal shall contain the title and date of the order being appealed and shall be accompanied by a copy of the order being appealed and the prescribed fee.  A separate notice of appeal and filing fee is required for each order being appealed other than appeals of an order and subsequent orders entered relating to the underlying order or judgment. If the prescribed fee does not accompany the notice of appeal, the appeal shall be dismissed by this court as authorized by District Court Local Rule 87.4(B).*

**(B)      Copies and Envelopes Required.** *Each appellant shall file a sufficient number of copies of the notice of appeal and adequate size self-addressed, stamped envelopes to enable the clerk to serve the notice required by Bankruptcy Rule 8004.*

**Rule 8002-1.  Time for Filing Notice of Appeal.**

**(A)      Dismissal of Untimely Appeal.** *A notice of appeal filed after the time period specified in Bankruptcy Rule 8002 will be dismissed by this court as authorized by District Court Local Rule 87.4(B).*

**(B)      Premature Appeal.** *If a notice of appeal is filed after the announcement of a ruling by the court but before entry on the docket of the written judgment, order, or decree, the notice will be docketed but not served in accordance with Bankruptcy Rule 8004.  Once the judgment is entered on the docket, the notice of appeal will be served by the clerk, noting the date the judgment was entered on the docket as the filing date of the notice of appeal.*

**Rule 8003-1.  Motions for Leave to Appeal.**

**(A)      Fee Required.** *A motion for leave to appeal shall be accompanied by the prescribed filing fee.  A motion for leave to appeal not accompanied by the fee shall be dismissed by this court as authorized by District Court Local Rule 87.4(B).*

**(B)      No Designation Required Until Leave to Appeal Docketed.** *The filing deadlines set forth in Bankruptcy Rule 8006 shall not begin until the district court order granting the motion is docketed in the bankruptcy court.  Within 5 business days from the entry of the district court order granting a motion for leave to appeal, the appellant shall pay the prescribed appellate docketing fee to the clerk of the bankruptcy court.*

*[Comment:  See "Clerk's Instructions for Appeals".]*

**Rule 8005-1.  Motions for Stay.** *Motions for stay which request relief from the District Court must be filed directly with the District Court in accordance with District Court Local Rule 87.4(C).  If a*

*stay has been granted by the district court it shall be incumbent upon the movant to immediately file a copy of the district court ruling with the clerk of the bankruptcy court.*

*[Comment: See Local Rule 7069-1(F). (Writs shall issue absent entry of an order granting stay of execution).]*

**Rule 8006-1.   Record and Issues on Appeal.**

**(A)      Dismissal for Failure to File Designation of Record or Statement of Issues.**   *If the appellant fails to file a designation of record or statement of the issues as required by Bankruptcy Rule 8006, this court shall dismiss the appeal as authorized by District Court Local Rule 87.4(B).*

**(B)      Form of Designation; Preparation of Record.**   *The designation shall include the titles and court paper numbers of the papers designated.  The designating party shall submit, within 15 days of filing of the designation, a copy obtained directly from official court records of every item designated, including transcripts, as provided in Bankruptcy Rule 8006, except designated transcripts of untranscribed proceedings, as to which the procedure provided in Local Rule 5011-1(B)(4) shall apply.  Failure to submit official court copies of the designated record shall be treated as a failure to file the designation and this court shall dismiss the appeal as authorized by District Court Local Rule 87.4(B).*

**(C)      Ordering Transcripts.**   *The Local Form "Appeal Information Sheet" provided by the clerk shall be used to order any untranscribed portion of the record.*

*[Comment:  See "Clerk's Instructions for Appeals".]*

**Rule 8011-3.   Determination of Motion - Appeal.**   *A motion to dismiss or other request for intermediate relief as contemplated under Bankruptcy Rule 8007(C), shall be filed directly with the district court in accordance with District Court Local Rule 87.4(C).*

**Rule 8011-4.   Emergency Motion - Appeal; Request to Expedite Appeal.**   *Bankruptcy appeals requiring expeditious treatment by the district court shall be brought to the attention of the clerk of the bankruptcy court by filing the Local Form "Request to Expedite Appeal" at any time prior to transmittal of the record.  This request shall be brought to the attention of the clerk of the district court by the clerk of the bankruptcy court upon transmittal of the record on appeal.*

**Rule 8014-1.  Taxation of Appellate Costs by Clerk; Motion for Fees and Costs.**

**(A)      Authority to Tax Costs.**   *The clerk shall only tax those costs as permitted by Bankruptcy Rule 8014 and the court's "Guidelines for Taxation of Costs".*

**(B)      Bill of Costs.**   *A party eligible for costs shall submit a bill substantially conforming to the Local Form "Bill of Costs", accompanied by self-addressed stamped envelopes for all interested parties.  A copy of the bill of costs shall be served by the requesting party on all interested parties. The clerk may require the submission of supporting documentation prior to determination of the bill of costs.*

**(C)** **Deadline for Filing.** The bill of costs shall be filed not later than 30 days after entry of the judgment or order of the district court.

**(D)** **Notice to Parties of Costs Taxed by Clerk.** The clerk shall review the bill of costs and enter the amount of costs allowed on the bill. A copy of the bill of costs with the clerk's determination shall be served by the clerk on all interested parties.

**(E)** **Objection to Taxation of Costs by Clerk.** On a motion served within 5 days after entry of the bill of costs, the action of the clerk shall be reviewed by the court.

**(F)** **Motion for Fees and Costs Not Taxable by Clerk.** Fees and costs which the clerk is not authorized to tax pursuant to subdivision (A) shall be considered only upon motion to the court filed within 30 days after entry of the judgment or order.

[Comment: See also Bankruptcy Rule 7054 and Local Rule 7054-1 (taxation of costs in adversary proceeding) and 28 U.S.C. §§ 1920 - 1924.]

# *Local Rule 87.4, U.S. District Court, pertaining to bankruptcy appeals has been reproduced to assist you in preparing your appeal.*

### *RULE 87.4 BANKRUPTCY APPEALS*

*Bankruptcy appeals to the District Court are governed by the Federal Rules of Bankruptcy Procedure, particularly Rules 8001 through 8020, and the local rules of the bankruptcy court. As is authorized by Rule 8018, those rules are supplemented as follows:*

*A.       Assignment. Appeals from orders or judgments entered by the bankruptcy court shall generally be assigned in accordance with Rule 3.4. Appeals from orders in a bankruptcy case or proceeding in which appeals have been taken from prior orders in the same case or proceeding shall be regarded as similar actions and proceedings under Rule 3.9 and it will be the continuing obligation of the District Court Clerk and the attorneys of record to comply with Rule 3.9.D.*

*B.       Limited Authority of Bankruptcy Court to Dismiss Appeals Prior to Transmittal of Record to District Court. The bankruptcy court is authorized and directed to dismiss an appeal for (1) appellant's failure to pay the prescribed filing fees; (2) failure to comply with the time limitations specified in Rule 8002, Fed.R.Bankr.P.; and (3) appellant's failure to file a designation of the items for the record or copies thereof or a statement of the issues as required by Rule 8006, Fed.R.Bankr.P. and local bankruptcy rule 8006-1. The bankruptcy court is further authorized and directed to hear, under Rule 9006(b), Fed.R.Bankr.P., motions to extend the foregoing deadlines and to consolidate appeals which present similar issues from a common record. Bankruptcy court orders entered under this subsection may be reviewed by the District Court on motion filed in the District Court within 10 days after entry of the order sought to be reviewed pursuant to subsection C of this rule.*

*C.       Motions for Stay and Other Intermediate Requests for Relief. Motions for stay pending appeal pursuant to Rule 8005, Fed.R.Bankr.P., motions to review bankruptcy court orders entered under Rule 9006(b), Fed.R.Bankr.P., and other motions requesting intermediate relief as set forth in FRBP 8007(c), shall be accepted for filing in the District Court and shall be assigned a miscellaneous memo case number which will apply only to the motion. No filing fee shall be charged in the District Court. The District Court Clerk shall immediately notify the clerk of the bankruptcy court of the assigned case number and judge. When the record on appeal is transmitted it will be assigned a new case number but will be assigned to the same judge who considered the motion. The movant shall provide copies of any relevant portions of the bankruptcy court record necessary for the District Court to rule on the motion. It shall be the duty of the District Court Clerk to immediately transmit a copy of the order ruling on said motion to the clerk of the bankruptcy court.*

*Rule 7.1 shall apply to motions for stay and other motions seeking intermediate appellate relief from this Court.*

**D.      Motions for Leave to Appeal.** *A motion for leave to appeal shall be filed in the bankruptcy court pursuant to local bankruptcy rule 8003-1. Upon transmittal of the motion and related documents to the District Court the matter shall be assigned in the same manner as other miscellaneous motions described in subsection C above.*

*Upon disposition of the motion, the District Court Clerk shall immediately transmit a copy of the District Court order to the clerk of the bankruptcy court. If the motion is granted the clerk of the bankruptcy court will proceed to prepare and transmit the record on appeal. A new District Court case number will be assigned to the appeal but it will be assigned to the same judge who granted the motion for leave to appeal.*

**E.      Briefs.**

**1.      Briefing Schedule.** *The briefing schedule specified by Rule 8009, Fed.R.Bankr.P. may be altered only by order of the District Court. If the Clerk of the District Court does not receive appellant's brief within the time specified by Rule 8009, Fed.R.Bankr.P., and there is no motion for extension of time pending, the Clerk shall furnish to the judge to whom the appeal is assigned a proposed order for dismissal of the appeal.*

**2.      Length of Briefs.** *Absent prior permission from this Court, the Appellant's initial or principal briefs and the Appellee's response or principal brief shall not exceed 25 pages in length, and Appellant's reply briefs, if any, shall not exceed 15 pages.*

**F.      Oral Argument.** *Any party requesting oral argument shall make the request within the body of the principal or reply brief, not by separate motion. The setting of oral argument is within the discretion of the District Court.*

**G.      Judgment.** *Upon receipt of the District Court's opinion, the District Court Clerk shall enter judgment in accordance with Rule 8016(a), Fed.R.Bankr.P. and in accordance with Rule 8016(b), Fed.R.Bankr.P., shall immediately transmit to each party and to the clerk of the bankruptcy court a notice of entry together with a copy of the District Court's opinion.*

**H.      Appeal.** *If an appeal remains pending three months after its entry on the District Court docket, the Clerk of the District Court shall advise the Judge of the status of the appeal.*

**I.      Notice.** *The bankruptcy court clerk is directed to enclose a copy of this rule with the notice of appeal provided to each party in accordance with Rule 8004, Fed.R.Bankr.P. Failure to receive such a copy will not excuse compliance with all provisions of this rule.*

**J.      Court Discretion.** *This rule is not intended to exhaust or restrict the District Court's discretion as to any aspect of any appeal.*

*Former Rule 87.2 amended and renumbered as new Rule 87.4, effective April 15, 1996; amended effective April 15, 1999.*